IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DAVID E. CHRISTY,                 )
                                  )
              Plaintiff,          )
                                  )
    v.                            )  Civil Action No. 10-289J
                                  )
MICHAEL J. ASTRUE,                )
COMMISSIONER OF                   )
SOCIAL SECURITY,                  )
                                  )
              Defendant.          )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 21/st day of March, 2012, upon due consideration
of the parties' cross-motions for summary judgment pursuant to
plaintiff's request for review of the decision of the Commissioner
of Social Security ("Commissioner") denying plaintiff's
applications for disability insurance benefits and supplemental
security income under Titles II and XVI, respectively, of the
Social Security Act ("Act"), IT IS ORDERED that the Commissioner's
motion for summary judgment (Document No. 15) be, and the same
hereby is, granted and plaintiff's motion for summary judgment
(Document No. 13) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an
obligation to weigh all of the facts and evidence of record and
may reject or discount any evidence if the ALJ explains the
reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d
Cir. 1999). Importantly, where the ALJ's findings of fact are
supported by substantial evidence, a reviewing court is bound by

those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his pending applications for disability insurance benefits and supplemental security income on June 30, 2008, alleging a disability onset date of May 6, 2008, due to diabetes, a heart condition and a back problem. Plaintiff's applications were denied initially. Following a hearing held on February 8, 2010, an ALJ issued a decision on February 24, 2010, finding that plaintiff is not disabled. On August 24, 2010, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 48 years old at the time of the hearing and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). He has a tenth grade education which is classified as limited. 20 C.F.R. §§404.1564(b)(3) and 416.964(b)(3). Plaintiff has past relevant work experience as a sandblaster and a cook in a personal care home, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the

Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of sinus tachycardia, diabetes mellitus and diabetic neuropathy, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P. (R. 14).

The ALJ also found that plaintiff retains the residual functional capacity to perform work at the sedentary exertional level but with a number of restrictions accounting for the limiting effects of his impairments.[1] A vocational expert identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including glass waxer, surveillance systems monitor and cashier. Relying on the vocational expert's testimony, the ALJ found that while plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and

---

[1] Specifically, plaintiff can only occasionally climb ramps and stairs and never climb ladders, ropes and scaffolds; he must avoid exposure to extreme heat, cold, humidity and wetness; must avoid exposure to vibration, noise, pulmonary irritants, unprotected heights, dangerous machinery and uneven surfaces; and he must avoid strobe lights, bright lights and fire work. (R. 14).

1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's findings: (1) the ALJ erred at step 3 by finding that plaintiff's impairments, alone or in combination, do not meet the criteria of any of the listed impairments; and, (2) the ALJ erred at step 5 by improperly assessing plaintiff's residual functional capacity and improperly rejecting the vocational expert's response to a

---

[2] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

AO 72
(Rev. 8/82)

hypothetical incorporating all of plaintiff's limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

First, the court is satisfied that the ALJ's step 3 finding is supported by substantial evidence. At step 3, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. <u>Knepp v. Apfel</u>, 204 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §§404.1520(d) and 416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

Here, the ALJ found that plaintiff suffers from the severe impairments of sinus tachycardia, diabetes mellitus and diabetic neuropathy. The corresponding Listings for those impairments are the Listings at 4.00, *et seq.*, for impairments of the cardiovascular system, and at Listing 9.08 for diabetes mellitus.[3]

---

[3] Plaintiff also avers that he has an impairment that matches or is equivalent to the Listings at 6.00, *et seq.*, for genitourinary impairments. However, the record does not contain any objective medical evidence suggesting that plaintiff suffers from any severe genitourinary impairment.

AO 72
(Rev. 8/82)

The court is satisfied that the ALJ adequately explained why plaintiff's impairments, alone or in combination, do not meet or equal the severity of any of the relevant listed impairments. (R. 14); see Burnett, 220 F.3d at 120, n.2. In particular, the ALJ noted that the medical evidence does not contain any objective signs, symptoms or findings on the degree of functional limitations necessary to meet the severity of any listing and further notes that no medical source has opined that plaintiff meets or equals any listed impairment.[4] (R. 14). Moreover, the state agency reviewer did not find that plaintiff meets or equals any of the relevant listings. (R. 248-253).

Plaintiff's argument that his subjective complaints of significant neuropathy in his extremities, including "stinging" in his feet and hands, are sufficient to meet the "A" criteria of Listing 9.08 for diabetes mellitus, is without merit. Step 3 concerns the medical severity of plaintiff's impairment and each listing "specif[ies] the objective medical and other findings needed to satisfy the criteria of that listing." 20 C.F.R. §§404.1525(c)(3) and 416.925(c)(3).

---

[4]    In a block quotation in his brief, plaintiff cites to the standard case law in this circuit relating to the evaluation of evidence from a treating physician; however, he does not expressly contend that the ALJ failed to properly evaluate the medical evidence. In fact, apart from some barely legible handwritten progress notes from Dr. McLucas, a family practitioner who saw plaintiff every three months from August of 2008 to January of 2010 and who prescribed plaintiff medication for high blood pressure and insulin for his diabetes (R. 270-75), and a cardiac evaluation by Dr. Janakiraman in June of 2008 (R. 232-34), there is a dearth of medical evidence in the record of any kind, and there are no opinions or assessments from any treating source which would support a finding that plaintiff meets or equals any listing.

✎AO 72
(Rev. 8/82)

Accordingly, as the Commissioner aptly notes, it was plaintiff's burden to present <u>medical</u> findings equal in severity to the relevant listed impairment. <u>See</u> <u>Sullivan v. Zebley</u>, 493 U.S. 521, 531 (1990). Here, the only medical evidence relating to any potential diabetes-related pain in the hands and feet are two isolated handwritten references in Dr. McLucas's progress notes (R. 265 & 271), neither of which contain any discussion regarding the extent or duration of plaintiff's pain nor any corroboration of the level of pain suggested by plaintiff's testimony, and certainly do not constitute objective medical findings sufficient to establish the "A" criteria of Listing 9.08.

Moreover, to the extent plaintiff suggests that the ALJ failed to consider his complaints of pain at all, that suggestion is belied by the record. The ALJ expressly considered plaintiff's subjective complaints in his decision and concluded that plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not credible to the extent they were inconsistent with the ALJ's residual functional capacity finding. (R. 15).

In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints in light of the medical evidence, plaintiff's treatment history, plaintiff's self-reported activities of daily living, and all of the other evidence of record. The court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations, 20 C.F.R. §§404.1529(c) and

✎AO 72
(Rev. 8/82)

416.929(c) & SSR 96-7p, and that the ALJ's credibility finding is supported by substantial evidence.

In sum, plaintiff failed to meet his burden of presenting any medical findings to the ALJ, or to this court, showing that any of his impairments, alone or in combination, meet or equal Listings 4.00 *et seq.*, Listing 9.08, or any other listed impairment, and the medical evidence of record does not support such a finding. See Williams v. Sullivan, 970 F.2d 1178, 1186 (3d Cir. 1992). The court is satisfied that the ALJ's step 3 finding is supported by substantial evidence.

Plaintiff's remaining arguments relate to the ALJ's finding of not disabled at step 5 of the sequential evaluation process. At that step, the ALJ must show that there are other jobs existing in significant numbers in the national economy which the claimant can perform consistent with his medical impairments, age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(f) and 416.920(f). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by his impairments. 20 C.F.R. §§404.1545(a) and 416.945(a); Fargnoli, 247 F.3d at 40.

Here, the ALJ found that plaintiff retains the residual functional capacity to perform sedentary work with numerous restrictions accommodating the limiting effects of plaintiff's impairments. (R. 14-16). Although plaintiff disputes this finding, it is clear from the record that the ALJ adequately considered all of the relevant medical evidence, as well as

AO 72
(Rev. 8/82)

plaintiff's reported activities, in assessing plaintiff's residual functional capacity, and that he incorporated into his finding all of the limitations that reasonably could be supported by the medical and other relevant evidence.

In addition, the ALJ specifically noted in his decision that he considered all of plaintiff's impairments in combination and his residual functional capacity finding demonstrates that he did just that. (R. 14). The court is satisfied that the ALJ took into consideration all of the medically supportable limitations arising from all of plaintiff's impairments, both severe and not severe, in combination, and that the ALJ's assessment is supported by substantial evidence.

Next, the court finds no error in the ALJ's decision not to incorporate any additional limitations in his residual functional capacity finding based upon plaintiff's subjective complaints of leg or knee pain, the need for frequent bathroom breaks, or the inability to maintain attendance, persistence or pace. The ALJ properly rejected any additional limitations as inconsistent with the objective medical evidence of record and supported only by plaintiff's subjective complaints of pain, which the ALJ found to be only partially credible. (R. 15). As already discussed the ALJ's evaluation of plaintiff's credibility is supported by substantial evidence.

Likewise, the ALJ did not err in rejecting the vocational expert's response to a hypothetical posited by plaintiff's attorney incorporating a limitation requiring plaintiff to leave

his work station every hour for two to four minutes for a restroom break. A hypothetical to the vocational expert must reflect only those impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), and the additional limitation advanced by plaintiff is supported neither by the objective medical evidence nor by plaintiff's daily activities. Accordingly, the vocational expert's response to plaintiff's hypothetical properly was disregarded. See Jones v. Barnhart, 364 F.3d 501, 506 (3d Cir. 2004) (ALJ has authority to disregard vocational expert's response to hypothetical inconsistent with evidence).

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: J. Kirk Kling, Esq.
630 Pleasant Valley Boulevard
Suite B
Altoona, PA 16602

John J. Valkovci, Jr.
Assistant U.S. Attorney
200 Penn Traffic Building
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901

AO 72
(Rev. 8/82)